**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| **ADRIAN HANNI,** ) | **CASE NO. 1:10-CV-01271** |
| ) | |
| Petitioner, ) | **JUDGE DONALD C. NUGENT** |
| ) | |
| v. ) | **MAGISTRATE JUDGE GREG WHITE** |
| ) | |
| **KEITH SMITH, Warden,** ) | |
| ) | |
| Respondent. ) | **REPORT & RECOMMENDATION** |

Petitioner, Adrian Hanni ("Hanni"), *pro se*, challenges the constitutionality of his conviction in the case of *State v. Hanni*, Cuyahoga County Court of Common Pleas Case No. CR-07-500087-A. Hanni filed his Petition for Writ of Habeas Corpus (Doc. No. 1) pursuant to 28 U.S.C. § 2254 on June 7, 2010. On October 4, 2010, Warden Keith Smith ("Respondent") filed his Answer/Return of Writ. (Doc. No. 8.) Hanni filed a "Request for a Voluntary Dismissal of Habeas Petition" without prejudice on October 25, 2010.[1] (Doc. No. 9.) Respondent filed a brief opposing dismissal without prejudice. (Doc. No. 10.) Hanni has not filed a traverse to Respondent's Answer/Return of Writ.

**I. Procedural Background**

Hanni asserts one ground for relief in his Petition: (1) the State failed to present sufficient evidence to sustain a conviction against him. (Doc. No. 1.) Respondent concedes that Hanni's claim is not defaulted, unexhausted or untimely. (Doc. No. 8 at 9, 12.)

---

[1] In the alternative, Hanni asks the Court to hold these proceedings in abeyance pending the outcome of further proceedings in state court.

Hanni completed one full round of direct appeals in state court.[2] He also filed an application to reopen his direct appeal pursuant to Ohio App. R. 26(B), the denial of which he appealed to the Ohio Supreme Court. (Doc. No. 8, Exhs. 5, 6, 9, 10, 17, 20, 21.) The Court is unaware of any pending proceedings in state court.

## II.  Law and Analysis

Hanni seeks leave to dismiss his petition without prejudice. (Doc. No. 9.) Hanni is of the opinion that the state appellate court's entry of March 27, 2009 is void, and, therefore, "no final judgment has been issued in regards to [his] criminal case." (Doc. No. 11.) Therefore, he asserts, the previous round of appellate proceedings in his case are void and of no legal effect. *Id*. Clearly, however, Hanni believes he can still challenge his confinement in state court, which would render his petition either premature or moot. The Court offers no opinion on these contentions.

Pursuant to Rule 12 of the Rules Governing § 2254, "[t]he Federal Rules of Civil Procedure, to the extent that they are not inconsistent with any statutory provisions or these rules, may be applied to a proceeding under these rules." Federal Rule of Civil Procedure 41(a)(2), "the civil procedure rule governing voluntary dismissals, applies to federal habeas proceedings." *See, e.g., Ortega v. Trombley*, 2007 U.S. Dist. LEXIS 17343 (E.D. Mich. Mar. 13, 2007).

As Respondent already has filed an Answer in this matter, Hanni may only dismiss this matter without prejudice by a court order. FED. R. CIV. P. 41(a)(2). "[T]he intendment of Rule 41(a)(2) is primarily to prevent voluntary dismissals which unfairly affect the other side ...." *Alamance Industries, Inc. v. Filene's*, 291 F.2d 142, 146 (1st Cir. 1961). Though Respondent

---

[2] On direct appeal, Hanni prevailed on his argument that the trial court erred by failing to merge the sentences for rape and kidnapping as they were allied offenses. (Doc. No. 8, Exh. 8) All other assignment of error were overruled, and the appellate court "remand[ed] th[e] case for correction of the sentencing entry to reflect merger of the rape and kidnapping convictions." *Id*. Upon remand, the trial court resentenced Hanni and merged the rape and kidnapping offenses. (Doc. No. 8, Exh. 15.) On, March 27, 2009, the trial court filed a *nunc pro tunc* entry correcting Hanni's sentence. (Doc. No. 8, Exh. 16.)

opposes Hanni's request for a dismissal, he has not argued that he would be unfairly prejudiced by a dismissal without prejudice. (Doc. No. 10) Rather, Respondent's opposition focuses solely on the argument that a stay and abeyance is inappropriate because Hanni's petition is not a mixed petition and is fully exhausted. *Id*.

> What suffices to require a court to exercise its discretion to deny the motion, or to dismiss with prejudice, has been variously described as harm "manifestly prejudicial to the defendant," *Southern Maryland Agricultural Association of Prince George's County v. United States*, 16 F.R.D. 100, 101 (D. Md. 1954); "substantial legal prejudice" to defendant, *Kennedy v. State Farm Mutual Automobile Insurance Company*, 46 F.R.D. 12, 14 (E.D. Ark. 1969); and the loss of any "substantial right," *Durham v. Florida East Coast Railway Company*, *supra*, 385 F.2d at 368. The question is whether the granting of plaintiff's motion "infringes the legal or equitable rights of the defendant as shown by the circumstances and facts conceded or undisputed." *Home Owners' Loan Corporation v. Huffman*, *supra*, 134 F.2d at 318. "When considering a dismissal without prejudice, the court should keep in mind the interests of the defendant, for it is his position which should be protected." *LeCompte v. Mr. Chip, Inc.*, *supra*, 528 F.2d at 603. The task for the Court then is to determine how the defendants in this action would be affected by a dismissal without prejudice.

*B & J Mfg. Co. v. D.A. Frost Industries, Inc.*, 106 F.R.D. 351, 352 (N.D. Ohio 1985) (*quoting Spencer v. Moore Business Forms, Inc.*, 87 F.R.D. 118, 119-20 (N.D. Ga. 1980)).

Here, while Respondent would potentially suffer some prejudice from having to deal with a renewed petition in the future, this prejudice does not constitute plain legal prejudice. The prospect of defending a second lawsuit on identical issues is insufficient reason to deny a motion to dismiss. *See, e.g., Wakefield v. Children's Hosp., Inc.*, 2009 U.S. Dist. LEXIS 22567, 6-7 (S.D. Ohio Mar. 6, 2009) (citations omitted). Courts have also rejected the argument that the effort and expense involved in defending a lawsuit is sufficient. *Id*. (*citing B & J Mfg.*, 106 F.R.D. at 352). Respondents have filed an Answer/Return of Writ and compiled supporting documents to oppose Henderson's petition. While having to repeat this effort may result in a modicum of prejudice, this alone is insufficient to warrant a denial of Hanni's motion.

Nonetheless, while Rule 41(a)(2) exists primarily to benefit defendants, "in determining whether or not a habeas petitioner is entitled to voluntarily dismiss his habeas petition without prejudice, federal courts must 'ensure that the petitioner's ability to present claims of constitutional violations is not abridged merely because the petitioner has unwittingly fallen into a procedural trap created by the intricacies of habeas corpus law.'" *Ortega v. Trombley*, 2007

3

U.S. Dist. LEXIS 17343 at *3 (*quoting Clark v. Tansy*, 13 F.3d 1407, 1409 (10th Cir. 1993)).

Hanni's motion to dismiss, if granted, could possibly result in the expiration of the statute of limitations and foreclose any opportunity to have this Court review the grounds for relief raised in his petition. This case is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254. *See Lindh v. Murphy*, 521 U.S. 320, 326-27, 337 (1997). The relevant provisions of AEDPA state:

> (d)(1) A one year period of limitations shall apply to the filing of an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1) & (2).

Respondent concedes that Hanni had until March 11, 2011 to file a habeas petition – a date in the near future. (Doc. No. 8 at 9.) Although Hanni may yet be entitled to statutory tolling for any properly filed applications for post-conviction or other collateral review in state court, it is unclear whether Hanni has filed such applications, whether he intends to file such applications, or whether such filings would constitute "properly filed" applications withing the meaning of the AEDPA. Furthermore, Hanni is not entitled to any statutory tolling for the time this habeas petition was pending. *See Palmer v. Carlton*, 276 F.3d 777, 779-780 (6th Cir. 2002) (*citing*

4

*Duncan v. Walker*, 533 U.S. 167 (2001) (a federal habeas petition is not an application for "State post-conviction or other collateral review" within the meaning of § 2244(d)(2) and thus does not toll the period of limitations)). As a result, Hanni runs the risk of not being able to refile his habeas petition if he does not do so before March 11, 2011 unless he is entitled to some form of tolling. Nonetheless, as Hanni is hereby fully informed of the consequences of a voluntary dismissal, Hanni cannot later argue that he unwittingly fell into a procedural trap.

### III. Conclusion

As Respondent will not suffer plain legal prejudice and Hanni has been informed of the proximity of the statute of limitations, the undersigned recommends that Hanni's "Request for a Voluntary Dismissal of Habeas Petition" without prejudice (Doc. No. 9) be GRANTED.

s/ Greg White<br>
United States Magistrate Judge

Dated: <u>January 27, 2011</u>

**OBJECTIONS**
**Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after the party objecting has been served with a copy of this Report and Recommendation. Failure to file objections within the specified time may waive the right to appeal the District Court's order.** *See United States v. Walters*, **638 F.2d 947 (6th Cir. 1981).** *See also Thomas v. Arn*, **474 U.S. 140 (1985),** *reh'g denied*, **474 U.S. 1111 (1986).**