**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| ADRIAN HANNI, | CASE NO. 1:10-cv-01271 |
| Petitioner, | JUDGE DONALD C. NUGENT |
| v. | MAGISTRATE JUDGE GREG WHITE |
| KEITH SMITH, Warden | |
| Respondent. | **REPORT AND RECOMMENDATION** |

Petitioner, Adrian Hanni ("Hanni"), challenges the constitutionality of his conviction in the case of *State v. Hanni*, Cuyahoga County Court of Common Pleas Case No. 07-500087-A. Hanni, *pro se*, filed his Petition for a Writ of Habeas Corpus (Doc. No. 1) pursuant to 28 U.S.C. § 2254 on June 7, 2010. On October 4, 2010, Warden Keith Smith ("Respondent") filed his Answer/Return of Writ. (Doc. No. 8.) Hanni, despite being given additional time to do so, did not file a Traverse. (Doc. No. 18.) For reasons set forth in detail below, it is recommended that Hanni's petition be DENIED.

**I. Summary of Facts**

In a habeas corpus proceeding instituted by a person in custody pursuant to the judgment of a state court, factual determinations made by state courts "shall be presumed to be correct." 28 U.S.C. § 2254(e)(1); *see also House v. Bell,* 283 F.3d 37 (6th Cir. 2002). The state appellate court summarized the facts underlying Hanni's conviction as follows:

[*P2] On August 23, 2007, a Cuyahoga County Grand jury indicted appellant on one count of rape in violation of R.C. 2907.02(A)(2); one count of rape in violation of R.C. 2907.02(A)(1)(c); and one count of kidnapping in violation of R.C. 2905.01(A)(2), (A)(4). All counts contained notice of prior conviction and repeat violent offender specifications ("RVO"). Prior to trial, defense counsel requested that the trial court bifurcate the specifications and agreed to stipulate to the prior convictions. A jury trial commenced on December 18, 2007.

[*P3] At trial, the state presented several witnesses, including L.H., the victim; Officer Byron Brody; Nurse Laura Gaetner; and Detective James McPike. Their testimony revealed the following information.

[*P4] Officer Brody testified that on March 25, 2007, he responded to a call that a female was being held against her will at a house on Leeila Avenue in Cleveland, Ohio. Upon receiving further information from the caller, Linda Berry, that the alleged victim was mentally retarded, he went to the Leeila Avenue address, where he encountered appellant and Edwin Hill, both of whom lived at the house. He asked the men whether a person by the name of L.H. was there because he had received a call that L.H. was being held against her will. Appellant denied that L.H. was being held against her will.

[*P5] Officer Brody further testified that L.H. came to the door and he spoke to her privately. L.H. told him she was afraid of the men and that she did not want to stay there because they were abusing her. He took L.H. to Linda Berry's house. L.H. told him that, a few days prior to March 25, 2007, appellant had anally raped her, had pushed and hit her repeatedly, and had threatened to kill her. When Officer Brody returned to the Leeila Avenue house, appellant and Hill were no longer there. He took L.H. to Fairview Hospital where a rape kit examination was performed.

[*P6] Nurse Gaetner testified that she administered the sexual assault kit to L.H. on March 25, 2007. L.H. had bruises on her arms and legs and complained of tenderness in her ribs. She examined L.H.'s anus, but did not notice tears, abrasions, or swelling. She wrote down the narrative from L.H. in which L.H. described being anally raped by appellant.

[*P7] Defense counsel and the state stipulated to the Bureau of Criminal Investigations ("BCI") report that indicated the rape kit tests were negative.

[*P8] L.H. testified that she had lived with appellant and Hill at the Leeila Avenue address for several months. Hill was her boyfriend, but they had never engaged in sexual relations. She knew Hill was married to Linda Berry, the person who had made the call to the police on March 25th. Appellant and Hill would occasionally take money from her, and appellant would not let her leave

the house unless she paid him.  Appellant was physically abusive to her on several occasions.  She testified that she and appellant had never had consensual sex.

[*P9]  L.H. further testified that a few days prior to March 25th, appellant forced her to lie on her stomach on the bed and proceeded to put his penis into her rectum.  She testified at one point that appellant made her take off her pants, but on cross-examination, she could not remember how her pants were removed.  She testified that she kicked and hit at appellant and told him she did not want what was happening to happen, but appellant continued for approximately three minutes.  When she told appellant he was hurting her and asked him to stop, he stopped. L.H. also testified that Hill witnessed appellant rape her.

[*P10]  Det. McPike testified that he took a statement from L.H., and L.H. had identified appellant from a photo lineup.  He interviewed appellant, and appellant admitted to having consensual vaginal sex with L.H. on one prior occasion.

[*P11]  The state intended to call Linda Berry, but she refused to appear because she claimed she had been threatened to induce her not to testify against appellant.

[*P12]  The defense called Edwin Hill to testify.  Hill testified that he had shared a home with appellant and L.H. on Leeila Avenue for approximately four or five months.  Linda Berry is his wife, but they had been separated for three years and planned on divorcing.  He had never seen appellant engage in any sort of sexual activity with L.H.

[*P13]  At the close of the defense case, the matter was submitted to the jury with instructions on all three counts as charged in the indictment.  The jury found appellant guilty of the two counts of rape and one count of kidnapping, in addition to finding him guilty of the sexual motivation specifications.  The court found appellant guilty of the repeat violent offender ("RVO") specifications.

[*P14]  On January 18, 2008, the trial court sentenced appellant to ten years on Count one, plus ten years on the RVO specification; ten years on Count two, plus ten years on the RVO specification; and eight years on Count three, plus ten years on the RVO specification.  The court ordered the underlying sentences to run concurrent to each other and the RVO sentences to run concurrent to each other, but consecutive to the underlying sentences, for a total of twenty years incarceration.  In addition, the trial court imposed five years of post-release control.

*State v. Hanni*, 2009-Ohio-139, at ¶¶2-14, 2009 Ohio App. LEXIS 164 (Ohio Ct. App., Jan. 15, 2009) (footnotes omitted).

## II. Procedural History

### A. Conviction

On August 23, 2007, a Cuyahoga County Grand Jury charged Hanni with one count of rape in violation of Ohio Revised Code ("O.R.C.") 2907.02(A)(2); one count of rape in violation of O.R.C. 2907.02(A)(1)(c); and one count of kidnapping in violation of O.R.C. 2905.01(A)(2), (A)(4). (Doc. No. 8-1 at 6-8.) All counts contained repeat violent offender specifications. After a jury trial, Hanni was found guilty as charged. (Doc. No. 8-1 at 10.) On January 23, 2008, the trial court sentenced Hanni to ten-year terms of imprisonment for each rape conviction and an eight-year term for the kidnapping conviction, as well as an additional ten years for each of the repeat violent offender specifications. (Doc. No. 8-1 at 13.) The terms for each count were to be served concurrently, for an aggregate sentence of twenty years. *Id.*

### B. Direct Appeal

Hanni, through new counsel, filed a timely Notice of Appeal with the Court of Appeals for the Eighth Appellate District ("state appellate court"). On June 16, 2008, he raised the following assignments of error:

1. The State failed to present sufficient evidence to sustain a conviction against Appellant.

2. Appellant's conviction is against the manifest weight of the evidence.

3. The trial court erred by ordering convictions and sentences for separate counts of rape and kidnapping because the offenses are allied offenses pursuant to R.C. 2941.25 and they are part of the same transaction under R.C. 2929.14.

4. The trial court erred by ordering Appellant to serve a sentence which is contrary to law.

(Doc. No. 8-1 at 16.)

-4-

On January 15, 2009, the state appellate court affirmed Hanni's conviction, but sustained his third assignment of error and remanded the case for resentencing to reflect the merger of the rape and kidnapping convictions. *State v. Hanni*, 2009-Ohio-139 at ¶¶32-38.

On February 13, 2009, the trial court resentenced Hanni to reflect the merger of the rape and kidnapping convictions in a *nunc pro tunc* entry. (Doc. No. 8-1 at 142.) As Hanni's original sentence called for the underlying convictions to be served concurrently, but consecutive to the repeat violent offender specifications, his aggregate sentence remained at twenty years. *Id*.

On March 23, 2009, Hanni, *pro se*, filed a Notice of Appeal and Notice of Delayed Appeal with the Supreme Court of Ohio challenging the state appellate court's opinion of January 15, 2009. (Doc. No. 8-1 at 80-83.) Hanni's motion for delayed appeal was granted on May 6, 2009. (Doc. No. 8-1 at 103.) On May 18, 2009, Hanni filed a memorandum in support of jurisdiction raising the following propositions of law:

1. The State failed to present sufficient evidence to sustain a conviction against Appellant.

2. Appellant's conviction is against the manifest weight of the evidence.

3. The trial court erred by ordering conviction and sentences for separate counts of rape and kidnapping because the offenses are allied offenses pursuant to R.C. 2941.25 and they are part of the same transaction under R.C. 2929.14.

4. The trial court erred by ordering Appellant to serve a sentence which is contrary to law.

(Doc. No 8-1 at 104-121.)

On September 16, 2009, "[u]pon consideration of the jurisdictional memoranda" the Ohio Supreme Court denied leave to appeal. (Doc. No. 8-1 at 141.)

**C.    Application to Reopen Appeal**

On April 15, 2009, Hanni, represented by the Ohio Public Defender's Office, filed Application to Reopen Appeal pursuant to Ohio App. R. 26(B).  (Doc. No. 8-1 at 146-54.) Hanni alleged that he received ineffective assistance of counsel due to counsel's failure to raise the following assignments of error on direct appeal:

> 1. The trial court violated Mr. Hanni's right to due process under the Fifth and Fourteenth Amendments to the United States Constitution and Section 10, Article I of the Ohio Constitution when it imposed prison terms under the Repeat Violent Offender specifications, because the Ohio Supreme Court severed the statute authorizing such additional terms in *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856.
>
> 2. Trial counsel rendered constitutionally deficient performance when he failed to object to the erroneous imposition of an additional ten-year prison term under the repeat violent offender specifications.

*Id*. at 150-53.  On December 14, 2009, the state appellate court denied Hanni's application. (Doc. No. 8-1 at 177-83.)

On January 5, 2010, Hanni, *pro se*, filed a timely Notice of Appeal with the Ohio Supreme Court and argued that the appellate court erred by denying his application to reopen.  (Doc. No 9-1 at 185-99.)  On April 14, 2010, the Supreme Court dismissed the appeal as not involving any substantial constitutional question.  (Doc. No 8-1 at 207.)

**D.    Federal Habeas Petition**

On June 7, 2010, Hanni, *pro se*, filed a Petition for Writ of Habeas Corpus and asserted a single ground for relief:

> GROUND ONE: Sufficiency of the Evidence - The State failed to present sufficient evidence to sustain a conviction against appellant.

(Doc. No. 1.)

-6-

## III.  Review on the Merits[1]

This case is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254.  *See Lindh v. Murphy*, 521 U.S. 320, 326-27, 337 (1997).  The relevant provisions of AEDPA state:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d) (1996).

Clearly established federal law is to be determined by the holdings of the United States Supreme Court.  *See Williams v. Taylor*, 529 U.S. 362, 412 (2000); *Ruimveld v. Birkett*, 404 F.3d 1006, 1010 (6th Cir. 2005).  However, an explicit statement by the Supreme Court is not mandatory; rather, "the legal principles and standards flowing from [Supreme Court] precedent" also qualify as "clearly established law." *Ruimveld*, 404 F.3d at 1010 (*quoting Taylor v. Withrow*, 288 F.3d 846, 852 (6th Cir. 2002)).

A state court's decision is contrary to clearly established federal law "if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially

---

[1]  Respondent concedes that Hanni's petition is both timely filed and fully exhausted. (Doc. No. 8 at 8-12.)

indistinguishable facts." *Williams v. Taylor*, 529 U.S. at 413.  By contrast, a state court's decision involves an unreasonable application of clearly established federal law "if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id*.  However, a federal district court may not find a state court's decision unreasonable "simply because that court concludes in its independent judgment that the relevant state court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 411.  Rather, a federal district court must determine whether the state court's decision constituted an objectively unreasonable application of federal law. *Id.* at 410-12.  "This standard generally requires that federal courts defer to state-court decisions." *Strickland v. Pitcher*, 162 Fed. Appx. 511, 516 (6th Cir. 2006) (*citing Herbert v. Billy*, 160 F.3d 1131, 1135 (6th Cir. 1998)).

**A. Ground One: Sufficiency of the Evidence**

In his sole ground for relief, Hanni argues that the State failed to present sufficient evidence to sustain convictions against him.  (Doc. No. 1.)  Hanni has not presented any argument in support of this claim, as he did not file a brief or a traverse.  Before the state appellate court, Hanni argued that there was no physical evidence linking him to the crime of rape or kidnapping, and that the victim's story did not make sense.  (Doc. No. 8-1 at 28-29.)  Hanni's counsel argued that the "more likely scenario" was that the sexual intercourse was consensual.  *Id*. at 29.

The Due Process Clause of the Fourteenth Amendment requires that a criminal conviction be supported by proof beyond a reasonable doubt with respect to every fact necessary to constitute the offense charged.  *In re Winship*, 397 U.S. 358, 363-64 (1970).  The standard for determining if a conviction is supported by sufficient evidence is "whether after reviewing the

evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 317 (1979). In making such a determination, a district court may not substitute its own determination of guilt or innocence for that of the factfinder, nor may it weigh the credibility of witnesses. *See id.*; *Walker v. Engle*, 703 F.2d 959, 970 (6th Cir. 1983). Moreover, federal courts are required to give deference to factual determinations made in state court and "[a]ny conflicting inferences arising from the record . . . should be resolved in favor of the prosecution." *Heinish v. Tate*, 9 F.3d 1548, 1993 WL 460782 (6th Cir. 1993) (unpublished opinion), *citing Walker*, 703 F.3d at 969-70; *Wright v. West*, 505 U.S. 277, 296 (1992) (the deference owed to the trier of fact limits the nature of constitutional sufficiency review.)

In addressing Hanni's assignment of error, the state appellate court ruled as follows:

> [*P17] Appellant argues that the state failed to present sufficient evidence to sustain a conviction for rape in violation of R.C. 2907.02(A)(2), thus the trial court erred when it denied his Crim.R. 29 motion. Specifically, he cites to the lack of physical evidence linking him to the alleged crimes and the lack of testimony from the victim that force was involved. NOTE 5
>
> [NOTE 5:] Appellant challenges all three convictions, but he only addresses the sufficiency of evidence to sustain a conviction on Count one. App.R. 12(A)(2) states that "the court may disregard an assignment of error presented for review if the party raising it *** fails to argue the assignment of error separately in the brief, as required by App.R. 16(A)."
>
> [*P18] Under Crim.R. 29, a trial court "shall not order an entry of acquittal if the evidence is such that reasonable minds can reach different conclusions as to whether each material element of a crime has been proved beyond a reasonable doubt." *State v. Bridgeman* (1978), 55 Ohio St.2d 261, 381 N.E.2d 184, syllabus. "A motion for judgment of acquittal under Crim.R. 29(A) should only be granted where reasonable minds could not fail to find reasonable doubt." *State v. Apanovitch* (1987), 33 Ohio St.3d 19, 23, 514 N.E.2d 394.
>
> [*P19] Thus, the test an appellate court must apply in reviewing a challenge based on a denial of a motion for acquittal is the same as a challenge based on the

> sufficiency of the evidence to support a conviction. *See State v. Bell* (May 26, 1994), Cuyahoga App. No. 65356, 1994 Ohio App. LEXIS 2291. In *State v. Jenks* (1991), 61 Ohio St.3d 259, 273, 574 N.E.2d 492, the Ohio Supreme Court set forth the test an appellate court should apply when reviewing the sufficiency of the evidence to support a conviction:
>
>> [*P20] "[T]he relevant inquiry on appeal is whether any reasonable trier of fact could have found the defendant guilty beyond a reasonable doubt. In other words, an appellate court's function when reviewing the sufficiency of the evidence is to examine the evidence admitted at trial and determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. *State v. Eley* (1978), 56 Ohio St.2d 169, 383 N.E.2d 132." *See, also, Jackson v. Virginia* (1979), 443 U.S. 307, 99 S.Ct 2781, 61 L.Ed.2d 560.
>
> [*P21] Appellant was convicted of rape in violation of R.C. 2907.02(A)(2). The state presented evidence that appellant engaged in anal sex with the victim against her will. Officer Brody testified the victim reported that appellant was forcing her to have sex with him and Hill, that he threatened to kill her, and that he pushed her around. Brody also testified the victim told him that she was afraid to stay in the house with appellant. The victim herself testified that appellant made her lie across the bed on her stomach, laid on top of her, and engaged in anal sex with her, even though she told him she did not want him to. She also testified that she tried to kick and hit him, but that did not stop him.
>
> [*P22] Despite the lack of physical evidence from the rape kit linking appellant to the victim, we find the victim's testimony is sufficient evidence upon which the jury could convict appellant of rape in violation of R.C. 2907.02(A)(2). *See State v. Johnson*, 112 Ohio St.3d 210, 2006 Ohio 6404, 858 N.E.2d 1144 (corroboration of victim testimony in rape cases is not required).
>
> [*P23] Appellant's first assignment of error is overruled.

*State v. Hanni*, 2009-Ohio-139 at ¶¶17-23.

The state appellate court identified the correct standard for sufficiency of the evidence claims. Furthermore, the Court finds there is nothing unreasonable about the state court's application of clearly established federal law. Under Ohio law, a conviction for rape does not require the presence of physical evidence. *See, e.g.*, *State v. Johnson*, 858 N.E.2d 1144, 112 Ohio St. 3d 210, 217 (Ohio 2006) (rejecting a sufficiency of the evidence claim based on a lack

of physical evidence of rape).  Relying on *Johnson*, the state appellate court specifically noted that corroboration of victim testimony in rape cases is not required.  *Hanni*, 2009-Ohio-139 at ¶22; *accord State v. Ward*, 2010-Ohio-6462 at ¶62, 2010 Ohio App. LEXIS 5363 (Ohio Ct. App., Dec. 28, 2010); *see also State v. Love*, 550 N.E.2d 951, 49 Ohio App. 3d 88, 91 (Ohio Ct. App. 1988) ("no requirement, statutory or otherwise, that a rape victim's testimony be corroborated as a condition precedent to conviction.")

This Court has also conducted its own independent review of the trial transcript.  The victim testified at trial that she was anally raped by Hanni.  (Tr. 463-471.)  She stated that she tried fending him off, and that she had bruises stemming from the incident.[2]  *Id*.  Though this testimony need not be corroborated, Nurse Linda Gaertner testified that, when she examined the victim several days after the incident in question, she noted bruises on the victim's body, tenderness in her rib cage, and reddened lines around the victim's rectal area.  (Tr. 410-18.)  This Court must view the evidence in the light most favorable to the prosecution.  As such, the jury could reasonably have found the victim's testimony credible.  Her testimony alone is sufficient to uphold Hanni's conviction for rape.  Therefore, Hanni's sole assignment of error is without merit.

### V.  Conclusion

For the foregoing reasons, it is recommended that Hanni's Petition be DENIED.

/s/ Greg White
U.S. MAGISTRATE JUDGE

Date: May 16, 2011

---

[2] Although the victim refers to her assailant as a person named "Patience," she identified Hanni in court as the person she called Patience.  (Tr. 453.)

## **OBJECTIONS**

**Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after the party objecting has been served with a copy of this Report and Recommendation.  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).**