# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| ADRIAN HANNI, | ) | CASE NO.  1:10 CV 1271 |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| KEITH SMITH, Warden, | ) | Magistrate Judge Greg White |
| | ) | |
| Respondent. | ) | <u>MEMORANDUM OPINION</u> |

This matter is before the Court upon the Report and Recommendation of Magistrate Judge Greg White (Document #19).  The Magistrate Judge recommends that the Petition for Writ of Habeas Corpus filed by Petitioner, Adrian Hanni (Docket #1) be denied.

### Factual and Procedural History

As set forth by the Magistrate Judge, the factual and procedural history of this case is as follows:

 I.  Summary of Facts.

In a habeas corpus proceeding instituted by a person in custody pursuant to the judgment of a state court, factual determinations made by state courts "shall be presumed to be correct." 28 U.S.C. § 2254(e)(1); *see also House v. Bell,* 283 F.3d 37 (6th Cir. 2002). The state appellate court summarized the facts underlying Hanni's conviction as follows:

[*P2] On August 23, 2007, a Cuyahoga County Grand jury indicted appellant on one count of rape in violation of R.C. 2907.02(A)(2); one

count of rape in violation of R.C. 2907.02(A)(1)(c); and one count of kidnapping in violation of R.C. 2905.01(A)(2), (A)(4). All counts contained notice of prior conviction and repeat violent offender specifications ("RVO"). Prior to trial, defense counsel requested that the trial court bifurcate the specifications and agreed to stipulate to the prior convictions. A jury trial commenced on December 18, 2007.

[*P3] At trial, the state presented several witnesses, including L.H., the victim; Officer Byron Brody; Nurse Laura Gaetner; and Detective James McPike. Their testimony revealed the following information.

[*P4] Officer Brody testified that on March 25, 2007, he responded to a call that a female was being held against her will at a house on Leeila Avenue in Cleveland, Ohio. Upon receiving further information from the caller, Linda Berry, that the alleged victim was mentally retarded, he went to the Leeila Avenue address, where he encountered appellant and Edwin Hill, both of whom lived at the house. He asked the men whether a person by the name of L.H. was there because he had received a call that L.H. was being held against her will.  Appellant denied that L.H. was being held against her will.

[*P5] Officer Brody further testified that L.H. came to the door and he spoke to her privately. L.H. told him she was afraid of the men and that she did not want to stay there because they were abusing her. He took L.H. to Linda Berry's house.  L.H. told him that, a few days prior to March 25, 2007, appellant had anally raped her, had pushed and hit her repeatedly, and had threatened to kill her. When Officer Brody returned to the Leeila Avenue house, appellant and Hill were no longer there. He took L.H. to Fairview Hospital where a rape kit examination was performed.

[*P6] Nurse Gaetner testified that she administered the sexual assault kit to L.H. on March 25, 2007. L.H. had bruises on her arms and legs and complained of tenderness in her ribs. She examined L.H.'s anus, but did not notice tears, abrasions, or swelling. She wrote down the narrative from L.H. in which L.H. described being anally raped by appellant.

[*P7] Defense counsel and the state stipulated to the Bureau of Criminal Investigations ("BCI") report that indicated the rape kit tests were negative.

[*P8] L.H. testified that she had lived with appellant and Hill at the Leeila Avenue address for several months. Hill was her boyfriend, but they had never engaged in sexual relations. She knew Hill was married to Linda Berry, the person who had made the call to the police on March 25th.

-2-

Appellant and Hill would occasionally take money from her, and appellant would not let her leave the house unless she paid him. Appellant was physically abusive to her on several occasions. She testified that she and appellant had never had consensual sex.

[*P9] L.H. further testified that a few days prior to March 25th, appellant forced her to lie on her stomach on the bed and proceeded to put his penis into her rectum. She testified at one point that appellant made her take off her pants, but on cross-examination, she could not remember how her pants were removed. She testified that she kicked and hit at appellant and told him she did not want what was happening to happen, but appellant continued for approximately three minutes. When she told appellant he was hurting her and asked him to stop, he stopped. L.H. also testified that Hill witnessed appellant rape her.

[*P10] Det. McPike testified that he took a statement from L.H., and L.H. had identified appellant from a photo lineup. He interviewed appellant, and appellant admitted to having consensual vaginal sex with L.H. on one prior occasion.

[*P11] The state intended to call Linda Berry, but she refused to appear because she claimed she had been threatened to induce her not to testify against appellant.

[*P12] The defense called Edwin Hill to testify. Hill testified that he had shared a home with appellant and L.H. on Leeila Avenue for approximately four or five months. Linda Berry is his wife, but they had been separated for three years and planned on divorcing. He had never seen appellant engage in any sort of sexual activity with L.H.

[*P13] At the close of the defense case, the matter was submitted to the jury with instructions on all three counts as charged in the indictment. The jury found appellant guilty of the two counts of rape and one count of kidnapping, in addition to finding him guilty of the sexual motivation specifications. The court found appellant guilty of the repeat violent offender ("RVO") specifications.

[*P14] On January 18, 2008, the trial court sentenced appellant to ten years on Count one, plus ten years on the RVO specification; ten years on Count two, plus ten years on the RVO specification; and eight years on Count three, plus ten years on the RVO specification. The court ordered the underlying sentences to run concurrent to each other and the RVO sentences to run concurrent to each other, but consecutive to the underlying sentences, for a total of twenty years incarceration. In addition,

-3-

the trial court imposed five years of post-release control.

*State v. Hanni*, 2009-Ohio-139, at ¶¶2-14, 2009 Ohio App. LEXIS 164 (Ohio Ct. App., Jan. 15, 2009 (footnotes omitted).

II.      Procedural History

    A.      Conviction

On August 23, 2007, a Cuyahoga County Grand Jury charged Hanni with one count of rape in violation of Ohio Revised Code ("O.R.C.") 2907.02(A)(2); one count of rape in violation of O.R.C. 2907.02(A)(1)(c); and one count of kidnapping in violation of O.R.C. 2905.01(A)(2), (A)(4). (Doc. No. 8-1 at 6-8.) All counts contained repeat violent offender specifications. After a jury trial, Hanni was found guilty as charged. (Doc. No. 8-1 at 10.) On January 23, 2008, the
trial court sentenced Hanni to ten-year terms of imprisonment for each rape conviction and an eight-year term for the kidnapping conviction, as well as an additional ten years for each of the repeat violent offender specifications. (Doc. No. 8-1 at 13.) The terms for each count were to be served concurrently, for an aggregate sentence of twenty years. *Id.*

    B.      Direct Appeal

Hanni, through new counsel, filed a timely Notice of Appeal with the Court of Appeals for the Eighth Appellate District ("state appellate court"). On June 16, 2008, he raised the following assignments of error:

    1.      The State failed to present sufficient evidence to sustain a conviction against Appellant.

    2.      Appellant's conviction is against the manifest weight of the evidence.

    3.      The trial court erred by ordering convictions and sentences for separate counts of rape and kidnapping because the offenses are allied offenses pursuant to R.C. 2941.25 and they are part of the same transaction under R.C. 2929.14.

    4.      The trial court erred by ordering Appellant to serve a sentence which is contrary to law.

(Doc. No. 8-1 at 16.)

On January 15, 2009, the state appellate court affirmed Hanni's

conviction, but sustained his third assignment of error and remanded the case for resentencing to reflect the merger of the rape and kidnapping convictions. *State v. Hanni*, 2009-Ohio-139 at ¶¶32-38. On February 13, 2009, the trial court resentenced Hanni to reflect the merger of the rape and kidnapping convictions in a *nunc pro tunc* entry. (Doc. No. 8-1 at 142.) As Hanni's original sentence called for the underlying convictions to be served concurrently, but consecutive to the repeat violent offender specifications, his aggregate sentence remained at twenty years. *Id.*

On March 23, 2009, Hanni, *pro se*, filed a Notice of Appeal and Notice of Delayed Appeal with the Supreme Court of Ohio challenging the state appellate court's opinion of January 15, 2009. (Doc. No. 8-1 at 80-83.) Hanni's motion for delayed appeal was granted on May 6, 2009. (Doc. No. 8-1 at 103.) On May 18, 2009, Hanni filed a memorandum in support of jurisdiction raising the following propositions of law:

1. The State failed to present sufficient evidence to sustain a conviction against Appellant.

2. Appellant's conviction is against the manifest weight of the evidence.

3. The trial court erred by ordering conviction and sentences for separate counts of rape and kidnapping because the offenses are allied offenses pursuant to R.C. 2941.25 and they are part of the same transaction under R.C. 2929.14.

4. The trial court erred by ordering Appellant to serve a sentence which is contrary to law.

(Doc. No 8-1 at 104-121.)

On September 16, 2009, "[u]pon consideration of the jurisdictional memoranda" the Ohio Supreme Court denied leave to appeal. (Doc. No. 8-1 at 141.)

C.    Application to Reopen Appeal

On April 15, 2009, Hanni, represented by the Ohio Public Defender's Office, filed Application to Reopen Appeal pursuant to Ohio App. R. 26(B). (Doc. No. 8-1 at 146-54.) Hanni alleged that he received ineffective assistance of counsel due to counsel's failure to raise the following assignments of error on direct appeal:

1. The trial court violated Mr. Hanni's right to due process under the

-5-

Fifth and Fourteenth Amendments to the United States
Constitution and Section 10, Article I of the Ohio Constitution
when it imposed prison terms under the Repeat Violent Offender
specifications, because the Ohio Supreme Court severed the statute
authorizing such additional terms in *State v. Foster*, 109 Ohio
St.3d 1, 2006-Ohio-856.

2. Trial counsel rendered constitutionally deficient performance when
he failed to object to the erroneous imposition of an additional ten-
year prison term under the repeat violent offender specifications.
*Id*. at 150-53. On December 14, 2009, the state appellate court
denied Hanni's application. (Doc. No. 8-1 at 177-83.)

On January 5, 2010, Hanni, *pro se*, filed a timely Notice of Appeal with
the Ohio Supreme Court and argued that the appellate court erred by denying his
application to reopen. (Doc. No 9-1 at 185-99.) On April 14, 2010, the Supreme
Court dismissed the appeal as not involving any substantial constitutional
question. (Doc. No 8-1 at 207.)

(Doc. No. 1.)

On June 7, 2010, Petitioner, Adrian Hanni, filed his *pro se* Petition for Writ of Habeas

Corpus pursuant to 28 U.S.C. § 2254 (Docket #1) and asserted a single ground for relief:

GROUND ONE: Sufficiency of the Evidence - The State failed to present sufficient
evidence to sustain a conviction against appellant.

On October 4, 2010, Respondent, Warden Keith Smith, filed his Answer/Return of Writ.

(Docket #8). Despite being granted additional time, Petitioner did not file a Traverse.

**Report and Recommendation**

On May 16, 2011, the Magistrate Judge issued his Report and Recommendation (Docket

#19). Based upon a review of the proceedings in this case, including an independent review of

the trial transcript, the Magistrate Judge found the State's evidence to be sufficient to sustain

Petitioner's convictions. The Magistrate Judge recommends the Petition be denied.

No objections were filed to the Report and Recommendation.

-6-

**Standard of Review for a Magistrate Judge's Report and Recommendation**

The applicable standard of review for a magistrate judge's report and recommendation depends upon whether objections were made to that report. When objections are made to a report and recommendation of a magistrate judge, the district court reviews the case de novo. FED. R. CIV. P. 72(b) states:

> The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

The text of Rule 72(b) addresses only the review of reports to which objections have been made; it does not indicate the appropriate standard of review for those reports to which no objections have been properly made. The Advisory Committee on Civil Rules commented on a district court's review of *unopposed* reports by magistrate judges. In regard to subsection (b) of Rule 72, the advisory committee stated: "When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." FED. R. CIV. P. 72 advisory committee's notes (citation omitted).

The U.S. Supreme Court stated in *Thomas v. Arn*, 474 U.S. 140, 150 (1985): "It does not appear that Congress intended to require district court review of a magistrate judge's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings."

**Conclusion**

This Court has reviewed the Magistrate Judge's Report and Recommendation *de novo*. After careful evaluation of the record, this Court adopts the findings of fact and conclusions of law of the Magistrate Judge as its own. The Report and Recommendation (Docket #19) is

ADOPTED.

The Petition for Writ of Habeas Corpus filed by Adrian Hanni pursuant to 28 U.S.C. §

2254 (Docket #1) is hereby DENIED.

### Certificate of Appealability

Pursuant to 28 U.S.C. § 2253, the Court must determine whether to grant a certificate of

appealability as to any of the claims presented in the Petition.  28 U.S.C. § 2253 provides, in

part, as follows:

> (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an
> appeal may not be taken to the court of appeals from --
>
> (A) the final order in a habeas corpus proceeding in which the detention
> complained of arises out of process issued by a State court; or
>
> (B) the final order in a proceeding under section 2255.
>
> (2) A certificate of appealability may issue under paragraph (1) only if the
> applicant has made a substantial showing of the denial of a constitutional
> right.
>
> (3) The certificate of appealability under paragraph (1) shall indicate which
> specific issue or issues satisfy the showing required by paragraph (2).

In order to make "substantial showing" of the denial of a constitutional right, as required

under 28 U.S.C. § 2255(c)(2), a habeas prisoner must demonstrate "that reasonable jurists could

debate whether . . . the petition should have been resolved in a different manner or that the issue

presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529

U.S. 473, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880,

893 n.4, 103 S. Ct. 3383, 77 L. Ed. 2d 1090 (1983).)

Where a district court has rejected the constitutional claims on the merits, the petitioner

must demonstrate only that reasonable jurists would find the district court's assessment of the

-8-

constitutional claims debatable or wrong.  *Slack*, 529 U.S. at 484.  For the reasons thoroughly discussed in the Magistrate Judge's Report and Recommendation, a reasonable jurist could not conclude that this Court's assessment of Petitioner's claim is debatable or wrong.  Accordingly, the Court declines to issue a certificate of appealability.

IT IS SO ORDERED.

S/*Donald C. Nugent*
DONALD C. NUGENT
United States District Judge

DATED:   October 28, 2011